# EXHIBIT A

**GOLD, ALBANESE, BARLETTI & LOCASCIO**
**Anthony V. Locascio, Esq.**
211 Broad Street, Suite 207
Red Bank, New Jersey 07701
(732) 936-9901
Attorneys for Plaintiffs, Edith Pierre

| | |
|---|---|
| EDITH PIERRE and EDDY PIERRE, her husband, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MONMOUTH COUNTY DOCKET NO.: MON-L- |
| Plaintiffs. | CIVIL DIVISION |
| Vs. | COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, FIRST PLEADING CERTIFICATION AND CASE INFORMATION STATEMENT, DEMAND FOR INSURANCE INFORMATION, DEMAND FOR INTERROGATORIES |
| MACY'S DEPARTMENT STORES a/k/a MACY'S INC. a/k/a MACY'S MERCHANDISING GROUP, JOHN DOES A-Z MANAGEMENT COMPANY, (said names being fictitious as their identities are presently unknown), and JOHN DOES A-Z MAINTENANCE PERSONNEL, (said names being fictitious as their identity are presently unknown) | |
| Defendants. | |

Plaintiffs, Edith Pierre and Eddy Pierre, residing in the State of New Jersey, by way of Complaint against Defendants, MACY'S DEPARTMENT STORES A/K/A MACY'S INC. A/K/A MACY'S MERCHANDISING GROUP, and John Does A-Z Management Company, (said name being fictitious as presently unknown), and John Does A-Z Maintenance Personnel, (said name being fictitious as presently unknown) says:

## FIRST COUNT

1.     At all times relevant hereto, defendant, MACY'S DEPARTMENT STORES A/K/A MACY'S INC. A/K/A MACY'S MERCHANDISING GROUP, with a place of business located in the

State of New Jersey and a primary place of business located at 11 Pennsylvania Plaza #10, New York, New York.

2. The true names or capacities whether individual, associate, representative or otherwise of defendants named as John Does A-Z Management Company, (said name being fictitious as presently unknown), and John Does A-Z Maintenance Personnel, (said name being fictitious as presently unknown) are not known to plaintiffs, who consequently sues these defendants by their fictitious names. Plaintiffs will seek leave to amend this Complaint to state the true names and capacities of the fictitiously named defendants when they have been ascertained.

3. On or about January 9, 2018, the plaintiff, Edith Pierre, was lawfully a patron at Defendant, MACY'S DEPARTMENT STORES A/K/A MACY'S INC. A/K/A MACY'S MERCHANDISING GROUP, 2045 NJ57, Hackettstown, State of New Jersey, owned, operated, maintained, repaired and/or controlled by the aforesaid defendants, in such a negligent manner as to cause plaintiff to suddenly, without warning, slip and fall on soapy water and sustain injuries.

4. Due to the defendant's carelessness, recklessness and negligence, plaintiff was caused to suffer severe and permanent personal injuries, including but not limited to, extreme pain and suffering, emotional trauma, future pain and suffering, loss of enjoyment of life, incurring medical expenses, disability and impairment.

WHEREFORE, plaintiffs demands judgment against the above-captioned defendants, jointly, severally and/or alternatively for damages, costs of suit, interest, and such other relief as the court deems just and proper.

## SECOND COUNT

1.  Plaintiff repeats and realleges the allegations of the First Count as if the same were more fully set forth at length herein.

2.  At all times mentioned herein defendant(s) knew or should have known that the oil was a dangerous and hazardous condition.

3.  Defendant(s) owed a duty to its lawful users, including plaintiff, to warn of hazardous and unsafe conditions on its premises.

4.  Defendant(s)' failure to take reasonable precautions to warn plaintiff of unsafe and hazardous conditions on its premises was the proximate cause of plaintiff's severe and permanent personal injuries.

WHEREFORE, plaintiff demands judgment against the above-captioned defendants, jointly, severally and/or alternatively for damages, costs of suit, interest, and such other relief as the court deems just and proper.

## THIRD COUNT

1.  Plaintiff repeats and realleges the allegations of the First and Second Counts as if the same were more fully set forth at length herein.

2.  The defendants, John Does A-Z Management Company, (said name being fictitious as presently unknown), and John Does A-Z Maintenance Personnel,  (said name being fictitious as presently unknown) , are and were agents, servants and/or employees of defendant, MACY'S DEPARTMENT STORES A/K/A MACY'S INC. A/K/A MACY'S MERCHANDISING GROUP , for the maintenance, repair, supervision, inspections and/or warning of dangers and/or hazardous

conditions at the property commonly known as defendant, MACY'S DEPARTMENT STORES

A/K/A MACY'S INC. A/K/A MACY'S MERCHANDISING GROUP, .

    3.  At all times hereinafter mentioned and for some time prior thereto, it was and became the

duty of the defendants, John Does A-Z Management Company, (said name being fictitious as

presently unknown), and John Does A-Z Maintenance Personnel,  (said name being fictitious as

presently unknown), through their agents, servants and/or employees, to keep the aforesaid premises in

good repair, properly maintained and constructed and in a safe condition and to correct dangerous

conditions which constituted a hazard to the lawful users thereof, and to warn the lawful users thereof

of unsafe and dangerous conditions of which they knew or should have known, but notwithstanding

said duties, the aforestated defendants failed to keep the premises in good repair, properly maintained

and in a safe condition and failed to correct dangerous conditions which constituted a hazard to the

lawful users thereof and failed to warn the lawful users thereof of unsafe and dangerous conditions of

which it knew or should have known and the aforesaid defendants were otherwise negligent.

    4.  The defendants, John Does A-Z Management Company, (said name being fictitious as

presently unknown), and John Does A-Z Maintenance Personnel,  (said name being fictitious as

presently unknown), caused and/or contributed to the occurrence and the injuries of plaintiff, Edith

Pierre, in that they were the cause of, or in some way contributed to, the accident in which plaintiff,

Edith Pierre, was  caused to suffer severe and permanent personal injuries.

    5.  Due to the defendants, John Does A-Z Management Company, (said name being fictitious

as presently unknown), and John Does A-Z Maintenance Personnel,  (said name being fictitious as

presently unknown), carelessness, recklessness and negligence, plaintiff was caused to suffer severe

and permanent personal injuries, including but not limited to, extreme pain and suffering, emotional

trauma, future pain and suffering, loss of enjoyment of life, incurring medical expenses, disability and impairment.

WHEREFORE, plaintiff demands judgment against the above-captioned defendants, jointly, severally and/or alternatively for damages, costs of suit, interest, and such other relief as the court deems just and proper.

## FOURTH COUNT

1.      Plaintiffs repeat and reallege each and every allegation contained in the First, Second, and Third Counts of the Complaint as though duly set forth herein and at length.

2.      Plaintiff, Eddy Pierre, is the lawful husband of the Plaintiff, Edith Pierre, and maintains a common domicile.

3.      As a result of the negligence of the Defendants, Plaintiff, Edith Pierre was deprived of the society and consortium of his wife.

WHEREFORE, plaintiff, Edith Pierre, demands judgment jointly, severally and/or alternatively against defendants for damages, together with attorneys' fees and costs of suit, and such other and further relief as the court may deem proper.


GOLD, ALBANESE, BARLETTI & LOCASCIO
Attorneys for Plaintiff, Edith Pierre and Eddy Pierre

By: _____
        ANTHONY V. LOCASCIO, ESQ.

Dated:

## JURY DEMAND

Plaintiffs, Edith Pierre and Eddy Pierre, hereby demands trial by jury of all litigable issues.

GOLD, ALBANESE, BARLETTI & LOCASCIO
Attorneys for Plaintiff, Edith Pierre and Eddy Pierre

By: _____
ANTHONY V. LOCASCIO, ESQ.

Dated:

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provision of New Jersey Court Rules, Rule 4:25-4, Anthony V. Locascio, Esq., of the Law Offices of Gold, Albanese & Barletti, counsel for Plaintiff, Edith Pierre, is hereby designated as trial counsel on behalf of Plaintiffs, Edith Pierre and Eddy Pierre.

GOLD, ALBANESE, BARLETTI & LOCASCIO
Attorneys for Plaintiff, Edith Pierre and Eddy Pierre

By: _____
ANTHONY V. LOCASCIO, ESQ.

Dated:

## DEMAND FOR INSURANCE

Plaintiffs, Edith Pierre and Eddy Pierre, hereby demands that the defendant, MACY'S DEPARTMENT STORES A/K/A MACY'S INC. A/K/A MACY'S MERCHANDISING GROUP, provide the appropriate proof of insurance coverage in accordance with Court Rule.

GOLD, ALBANESE, BARLETTI & LOCASCIO
Attorneys for Plaintiffs, Edith Pierre and Eddy Pierre

By: _____
        ANTHONY V. LOCASCIO, ESQ.

Dated:

## DEMAND FOR RESPONSES TO INTERROGATORIES

Plaintiffs, Edith Pierre and Eddy Pierre, hereby demands responses from defendant, MACY'S DEPARTMENT STORES A/K/A MACY'S INC. A/K/A MACY'S MERCHANDISING GROUP, , for Uniform Interrogatories Forms C and C (1).

GOLD, ALBANESE, BARLETTI & LOCASCIO
Attorneys for Plaintiffs, Edith Pierre and Eddy Pierre

By: _____
        ANTHONY V LOCASCIO, ESQ.

Dated:

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action. In addition, I recognize the continuing obligation of each party to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

GOLD, ALBANESE, BARLETTI & LOCASCIO
Attorneys for Plaintiffs, Edith Pierre and Eddy Pierre

By:_____

ANTHONY V. LOCASCIO, ESQ.

Dated:

# Civil Case Information Statement

**Case Details: MONMOUTH | Civil Part Docket# L-003386-19**

**Case Caption:** PIERRE EDITH  VS MAY'S DEPARTMENT STO RES

**Case Initiation Date:** 09/23/2019

**Attorney Name:** ANTHONY V LOCASCIO

**Firm Name:** GOLD ALBANESE BARLETTI & LOCASCIO, LLC

**Address:** 211 BROAD STREET SUITE 207
RED BANK NJ 07701

**Phone:** 7329369901

**Name of Party:** PLAINTIFF : Pierre, Edith

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO          **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/23/2019
Dated

/s/ ANTHONY V LOCASCIO
Signed

**GOLD, ALBANESE, BARLETTI & LOCASCIO**
Filing Attorney: Anthony V. Locascio, Esq.
Attorney Id#:  001281999
211 Broad Street, Suite 207
Red Bank, New Jersey 07701
(732) 936-9901
Attorneys for Plaintiffs, Edith Pierre and Eddy Pierre, her husband

| | |
|---|---|
| EDITH PIERRE and EDDY PIERRE, her husband, <br><br> Plaintiffs, <br><br> vs. <br><br> MACY'S RETAIL HOLDINGS, INC., DIVERSIFIED, JOHN DOES A-Z MANAGEMENT COMPANY, (said names being fictitious as their identities are presently unknown), and JOHN DOES A-Z MAINTENANCE PERSONNEL, (said names being fictitious as their identity are presently unknown), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: MONMOUTH COUNTY <br> DOCKET NUMBER:  MON-L-3386-19 <br><br> *CIVIL ACTION*: <br><br> **FIRST AMENDED COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, FIRST PLEADING CERTIFICATION AND CASE INFORMATION STATEMENT, DEMAND FOR INSURANCE INFORMATION, DEMAND FOR INTERROGATORIES** |

Plaintiffs, Edith Pierre and Eddy Pierre, residing in the State of New Jersey, by way of First Amended Complaint against Defendants, Macy's Retail Holdings, Inc., Diversified,  and John Does A-Z Management Company, (said name being fictitious as presently unknown), and John Does A-Z Maintenance Personnel,  (said name being fictitious as presently unknown), says:

## FIRST COUNT

1.      At all times relevant hereto, defendant, Macy's Retail Holdings, Inc., with a place of business located in the State of New Jersey and a primary place of business located at  11 Pennsylvania Plaza #10, New York, New York.

2.      The defendant, Diversified, was and still is a maintenance/housekeeping company existing under and by virtue of the laws of the State of New Jersey.

3.      The true names or capacities whether individual, associate, representative or otherwise of defendants named as John Does A-Z Management Company, (said name being fictitious as presently unknown), and John Does A-Z Maintenance Personnel, (said name being fictitious as presently unknown) are not known to plaintiffs, who consequently sues these defendants by their fictitious names.  Plaintiffs will seek leave to amend this First Amended Complaint to state the true names and capacities of the fictitiously named defendants when they have been ascertained.

4.      On or about January 9, 2018, the plaintiff, Edith Pierre, was lawfully a patron at Defendant, Macy's Retail Holdings, Inc., 2045 NJ57, in the Town of Hackettstown, County of Warren and State of New Jersey, owned, operated, maintained, repaired and/or controlled by the aforesaid defendants, in such a negligent manner as to cause plaintiff to suddenly, without warning, slip and fall on soapy water and sustain injuries.

5.      Due to the defendant's carelessness, recklessness and negligence, plaintiff was caused to suffer severe and permanent personal injuries, including but not limited to, extreme pain and suffering, emotional trauma, future pain and suffering, loss of enjoyment of life, incurring medical expenses, disability and impairment.

**WHEREFORE**, plaintiffs demands judgment against the above-captioned defendants, jointly, severally and/or alternatively for damages, costs of suit, interest, and such other relief as the court deems just and proper.

## SECOND COUNT

1.      Plaintiffs repeat and reallege the allegations of the First Count of the First Amended Complaint as if the same were more fully set forth at length herein.

2.      The defendant, Diversified, was and still is a maintenance/housekeeping company existing under and by virtue of the laws of the State of New Jersey.

3.      Prior to early January 9, 2018, defendant, Diversified, owned, managed, controlled, undertook and was responsible for the maintenance and/or housekeeping of the premises of Defendant, Macy's Retail Holdings, Inc., located at 2045 NJ57, in the Town of Hackettstown, County of Warren and State of New Jersey.

4.      At all times hereinafter mentioned, defendant, Diversified, was responsible for the safety of persons lawfully upon said premises.

5.      Defendant, Diversified, was negligent in that they did not keep the premises in a safe condition, failed to exercise due and proper care, caused a dangerous and hazardous condition to exist, failed to provide proper safeguards and warnings on the subject property and failed to provide proper, safe and clear access for persons allowed and invited to use said property, including the plaintiff, and knew, or could by the exercise of ordinary and reasonable care have known, of the unsafe and dangerous condition then and there existed in the said area.

6.      That no negligence on the part of the plaintiff, Edith Pierre, contributed to the occurrence alleged herein in any manner whatsoever.

7.      Due to the defendant's, Diversified, carelessness, recklessness and negligence, plaintiff was caused to suffer severe and permanent personal injuries, including but not limited to, extreme pain and suffering, emotional trauma, future pain and suffering, loss of enjoyment of life, incurring medical expenses, disability and impairment.

**WHEREFORE**, plaintiffs demands judgment against the above-captioned defendants, jointly, severally and/or alternatively for damages, costs of suit, interest, and such other relief as the court deems just and proper.

## THIRD COUNT

1.      Plaintiffs repeat and reallege the allegations of the First and Second Counts of the First Amended Complaint as if the same were more fully set forth at length herein.

2.     At all times mentioned herein defendant(s) knew or should have known that the soapy water on the floor was a dangerous and hazardous condition.

3.     Defendant(s) owed a duty to its lawful users, including plaintiff, to warn of hazardous and unsafe conditions on its premises.

4.     Defendant(s)' failure to take reasonable precautions to warn plaintiff of unsafe and hazardous conditions on its premises was the proximate cause of plaintiff's severe and permanent personal injuries.

**WHEREFORE**, plaintiff demands judgment against the above-captioned defendants, jointly, severally and/or alternatively for damages, costs of suit, interest, and such other relief as the court deems just and proper.

## FOURTH COUNT

1.     Plaintiffs repeat and reallege the allegations of the First, Second and Third Counts of the First Amended Complaint as if the same were more fully set forth at length herein.

2.     The defendants, Diversified, John Does A-Z Management Company, (said name being fictitious as presently unknown), and John Does A-Z Maintenance Personnel, (said name being fictitious as presently unknown), are and were agents, servants and/or employees of defendant, Macy's Retail Holdings, Inc., for the maintenance, repair, supervision, inspections and/or warning of dangers and/or hazardous conditions at the property commonly known as defendant, Macy's Retail Holdings, Inc.

3.     At all times hereinafter mentioned and for some time prior thereto, it was and became the duty of the defendants, Diversified, John Does A-Z Management Company, (said name being fictitious as presently unknown), and John Does A-Z Maintenance Personnel, (said name being fictitious as presently unknown), through their agents, servants and/or employees, to keep the aforesaid premises in good repair, properly maintained and constructed and in a safe condition and to correct dangerous conditions which constituted a hazard to the lawful users thereof, and to warn the lawful users thereof of unsafe and

dangerous conditions of which they knew or should have known, but notwithstanding said duties, the aforestated defendants failed to keep the premises in good repair, properly maintained and in a safe condition and failed to correct dangerous conditions which constituted a hazard to the lawful users thereof and failed to warn the lawful users thereof of unsafe and dangerous conditions of which it knew or should have known and the aforesaid defendants were otherwise negligent.

4.      The defendants, Diversified, John Does A-Z Management Company, (said name being fictitious as presently unknown), and John Does A-Z Maintenance Personnel, (said name being fictitious as presently unknown), caused and/or contributed to the occurrence and the injuries of plaintiff, Edith Pierre, in that they were the cause of, or in some way contributed to, the accident in which plaintiff, Edith Pierre, was caused to suffer severe and permanent personal injuries.

5.      Due to the defendants, John Does A-Z Management Company, (said name being fictitious as presently unknown), and John Does A-Z Maintenance Personnel, (said name being fictitious as presently unknown), carelessness, recklessness and negligence, plaintiff was caused to suffer severe and permanent personal injuries, including but not limited to, extreme pain and suffering, emotional trauma, future pain and suffering, loss of enjoyment of life, incurring medical expenses, disability and impairment.

**WHEREFORE**, plaintiff demands judgment against the above-captioned defendants, jointly, severally and/or alternatively for damages, costs of suit, interest, and such other relief as the court deems just and proper.

## <u>FIFTH COUNT</u>

1.      Plaintiffs repeat and reallege the allegations of the First, Second, Third and Fourth Counts of the First Amended Complaint as if the same were more fully set forth at length herein.

2.      Plaintiff, Eddy Pierre, is the lawful husband of the Plaintiff, Edith Pierre, and maintains a common domicile.

3.      As a result of the negligence of the Defendants, Plaintiff, Eddy Pierre, was deprived of the society and consortium of his wife.

**WHEREFORE,** plaintiffs, Edith Pierre and Eddy Pierre, demands judgment jointly, severally and/or alternatively against defendants for damages, together with attorneys' fees and costs of suit, and such other and further relief as the court may deem proper.

**GOLD, ALBANESE, BARLETTI & LOCASCIO**
Attorneys for Plaintiffs,
Edith Pierre and Eddy Pierre

BY: _____
**ANTHONY V. LOCASCIO, ESQ.**

DATED:  October 30, 2019

## JURY DEMAND

Plaintiffs, Edith Pierre and Eddy Pierre, hereby demands trial by jury of all litigable issues.

**GOLD, ALBANESE, BARLETTI & LOCASCIO**
Attorneys for Plaintiffs,
Edith Pierre and Eddy Pierre

BY: _____
**ANTHONY V. LOCASCIO, ESQ.**

DATED:  October 30, 2019

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provision of New Jersey Court Rules, Rule 4:25-4, Anthony V. Locascio, Esq., of the Law Offices of Gold, Albanese, Barletti, & Lcoascio, counsel for Plaintiffs, Edith Pierre and Eddy Pierre, is hereby designated as trial counsel on behalf of Plaintiffs, Edith Pierre and Eddy Pierre.

GOLD, ALBANESE, BARLETTI & LOCASCIO
Attorneys for Plaintiffs,
Edith Pierre and Eddy Pierre

BY: _____
ANTHONY V. LOCASCIO, ESQ.

DATED:  October 30, 2019

## DEMAND FOR INSURANCE

Plaintiffs, Edith Pierre and Eddy Pierre, hereby demands that the Defendants, Macy's Retail Holdings, Inc. and Diversified,  provide the appropriate proof of insurance coverage in accordance with Court Rule.

GOLD, ALBANESE, BARLETTI & LOCASCIO
Attorneys for Plaintiffs,
Edith Pierre and Eddy Pierre

BY: _____
ANTHONY V. LOCASCIO, ESQ.

DATED:  October 30, 2019

## DEMAND FOR RESPONSES TO INTERROGATORIES

Plaintiffs, Edith Pierre and Eddy Pierre, hereby demands responses from Defendants, Macy's

Retail Holdings, Inc. and Diversified, for Uniform Interrogatories Forms C and C (1).

> **GOLD, ALBANESE, BARLETTI & LOCASCIO**
> Attorneys for Plaintiffs,
> Edith Pierre and Eddy Pierre
>
> BY: _____
> ANTHONY V. LOCASCIO, ESQ.

DATED:  October 30, 2019

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the subject of any

other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge

and belief.  Also, to the best of my knowledge and belief, no other action or arbitration proceeding is

contemplated.  Further, other than the parties set forth in this pleading, I know of no other parties that

should be joined in the above action.  In addition, I recognize the continuing obligation of each party to

file and serve on all parties and the court an amended certification if there is a change in the facts stated in

this original certification.

> **GOLD, ALBANESE, BARLETTI & LOCASCIO**
> Attorneys for Plaintiffs,
> Edith Pierre and Eddy Pierre
>
> BY: _____
> ANTHONY V. LOCASCIO, ESQ.

DATED:  October 30, 2019

LSK&D #: 255-2176 / 4815-6620-3822
**Client Reference No.: 00255-2176**
Gerald J. Gunning, Esq.
Attorney NJ ID #: 008531995
LESTER SCHWAB KATZ & DWYER, LLP
500 Frank W. Burr Blvd., 5th Floor, Suite 31
Teaneck, New Jersey 07666
(973) 912-9501
Attorneys for Defendant
MACY'S RETAIL HOLDINGS, INC.
-------------------------------------------------------x

| | |
|---|---|
| EDITH PIERRE and EDDY PIERRE, her husband, | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MONMOUTH COUNTY** |
| Plaintiffs, | **Docket No.: MON-L-3386-19** |
| vs. | |
| MACY'S RETAIL HOLDINGS, INC., DIVERSIFIED, JOHN DOES A-Z MANAGEMENT COMPANY, (said names being fictitious as their identities are presently unknown), and JOHN DOES A-Z MAINTENANCE PERSONNEL, (said names being fictitious as their identity are presently unknown), | **ANSWER TO FIRST AMENDED COMPLAINT, SEPARATE DEFENSES, DEMAND FOR ALLOCATION, DEMAND FOR STATEMENT OF DAMAGES AND JURY DEMAND** |
| Defendants. | |

-------------------------------------------------------x

TO:

Anthony V. Locascio, Esq.
GOLD, ALBANESE, BARLETTI & LOCASCIO
211 Broad Street, Suite 207
Red Bank, New Jersey  07701
T: (732) 936-9901
Attorney NJ ID: 001281999
Attorneys for Plaintiffs

    Defendant, MACY'S RETAIL HOLDINGS, INC., by its attorneys, Lester Schwab

Katz & Dwyer, LLP, by way of an Answer to the First Amended Complaint of plaintiff,

respectfully states and alleges:

## ANSWERING THE FIRST COUNT

1.      Denies each and every allegation contained in paragraph "1" of the First Amended Complaint except admits that MACY'S RETAIL HOLDINGS, INC. operates a retail mercantile establishment in the State of New Jersey.

2.      Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "2" and "3" of the First Amended Complaint.

3.      Denies each and every allegation contained in paragraphs "4" and "5" of the First Amended Complaint.

## ANSWERING THE SECOND COUNT

4.      Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "1" of the Second Count of the First Amended Complaint.

5.      Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of the Second Count of the First Amended Complaint.

6.      Admits Diversified undertook and was responsible for maintenance and housekeeping as to the allegations contained in paragraphs "3" and "4" of the Second Count of the First Amended Complaint and further begs leave to refer all questions of law to the Court at the trial of this action.

7.      Denies each and every allegation contained in paragraphs "5" and "7" of the Second Count of the First Amended Complaint insofar as same may refer to or in any way affect this answering defendant.

8.      Denies each and every allegation contained in paragraph "6" of the Second Count of the First Amended Complaint.

## ANSWERING THE THIRD COUNT

9.    Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "1" of the Third Count of the First Amended Complaint.

10.    Denies each and every allegation contained in paragraphs "2", "3" and "4" of the Third Count of the First Amended Complaint insofar as same may refer to or in any way affect this answering defendant.

## ANSWERING THE FOURTH COUNT

11.    Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "1" of the Fourth Count of the First Amended Complaint.

12.    Denies each and every allegation contained in paragraph "2" of the Complaint, but begs leave to refer all questions of law to the Court at the trial of this action.

13.    Denies each and every allegation contained in paragraphs "3", "4" and "5" of the Fourth Count of the First Amended Complaint insofar as same may refer to or in any way affect this answering defendant.

## ANSWERING THE FIFTH COUNT

14.    Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "1" of the Fifth Count of the First Amended Complaint.

15.    Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of the Fifth Count of the First Amended Complaint.

16.     Denies each and every allegation contained in paragraph "2" of the Fifth Count of the First Amended Complaint insofar as same may refer to or in any way affect this answering defendant.

### AS AND FOR A FIRST SEPARATE DEFENSE

That any injuries and/or damages sustained by the plaintiff, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of each plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of this answering defendant.

### AS AND FOR A SECOND SEPARATE DEFENSE

That by entering into the activity in which each plaintiff was engaged at the time of the occurrence set forth in the Complaint, each plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiffs herein as alleged in the Complaint arose from and were caused by reason of such risks voluntarily undertaken by plaintiff in their activities and such risks were assumed and accepted by them in performing and engaging in said activities.

### AS AND FOR A THIRD SEPARATE DEFENSE

In the event any plaintiff herein recovers a verdict for personal injury, the amount of such recovery should be reduced by any payment that plaintiff received under the medical payment provisions of any policy of insurance.

## AS AND FOR A FOURTH SEPARATE DEFENSE

The Complaint of the plaintiffs fails to state a cause of action cognizable in law or equity against this answering defendant and the Complaint must therefore be dismissed.

**AS AND FOR A CROSS-CLAIM AGAINST CO-
DEFENDANTS, DIVERSIFIED, JOHN DOES A-Z
MANAGEMENT COMPANY, (SAID NAMES BEING
FICTITIOUS AS THEIR IDENTITIES ARE PRESENTLY
UNKNOWN), AND JOHN DOES A-Z MAINTENANCE
PERSONNEL, (SAID NAMES BEING FICTITIOUS AS
THEIR IDENTITY ARE PRESENTLY UNKNOWN),
DEFENDANT, MACY'S RETAIL HOLDINGS, INC.,
ALLEGES:**

On or about August 1, 2010, MACY'S entered into an Agreement with Diversified Maintenance Sys. LLC wherein Diversified was to perform certain work and services in connection with Macy's Stores.   That pursuant to the terms of said Agreement, Diversified agreed to perform the work in accordance with said Agreement.

That after execution of said Agreement, Diversified commenced the performance of work pursuant to said Agreement at the aforesaid Premises.

That Plaintiff's injuries and damages complained of herein arose out of and/or incidental to Diversified's performance of the work referenced in the Agreement referred to herein.

That as a result defendant Macy's is entitled to a defense and indemnification from Diversified.

**WHEREFORE,** this answering defendant demands judgment dismissing the First Amended Complaint, together with the attorneys' fees, costs and disbursements of this action.

Dated:     Teaneck, New Jersey
          November 27, 2019

                    LESTER SCHWAB KATZ & DWYER, LLP
                    Attorneys for Defendant
                    MACY'S RETAIL HOLDINGS, INC.

                    By:_____
                            Gerald J. Gunning

## DEMAND FOR ALLOCATION PURSUANT TO R. 4:7-5(C)

If any co-defendant settles prior to trial, this defendant will seek an allocation of the percentage of negligence and/or liability assessed by the fact finder against the settling defendant. This defendant will seek this allocation, whether or not they have formally filed a crossclaim against the settling defendant. This defendant may rely on the examination and cross-examination of expert witnesses at time of trial in support of this allocation. All counsel are hereby apprised pursuant to R. 4:7-5(c).

                    LESTER SCHWAB KATZ & DWYER, LLP
                    Attorneys for Defendant
                    MACY'S RETAIL HOLDINGS, INC.

                    By:_____
                            Gerald J. Gunning

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to Rule 4:5-2, the answering defendant demands that plaintiff provide a written statement of damages claimed within five days.

LESTER SCHWAB KATZ & DWYER, LLP
Attorneys for Defendant
MACY'S RETAIL HOLDINGS, INC.

By: _____
                Gerald J. Gunning

## JURY DEMAND

The answering defendant demands a trial by jury on all issues.

LESTER SCHWAB KATZ & DWYER, LLP
Attorneys for Defendant
MACY'S RETAIL HOLDINGS, INC.

By: _____
                Gerald J. Gunning

## CERTIFICATION PURSUANT TO R.4:5-1

1.      The undersigned certifies that the matter in controversy is not the subject

of any other action pending in any court, and is not the subject of any pending

arbitration proceeding.

2.      The undersigned further certifies that it has no knowledge of any

contemplated action or arbitration proceeding which involves the subject matter of this

action, and it is not presently aware of any other parties who should be joined in this

action.

LESTER SCHWAB KATZ & DWYER, LLP
Attorneys for Defendant
MACY'S RETAIL HOLDINGS, INC.

By: _____
                Gerald J. Gunning

## CERTIFICATION PURSUANT TO R. 4:6-1(D)

The undersigned certifies that the Answer was served and filed within the time allowed by R. 4:6-1.

LESTER SCHWAB KATZ & DWYER, LLP
Attorneys for Defendant
MACY'S RETAIL HOLDINGS, INC.

By: _____
Gerald J. Gunning

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Robert N. Dunn, NJ ID #030041988, is designated as trial counsel.

LESTER SCHWAB KATZ & DWYER, LLP
Attorneys for Defendant
MACY'S RETAIL HOLDINGS, INC.

By: _____
Gerald J. Gunning

LSK&D #: 255-2176 / 4815-6620-3822
Gerald J. Gunning, Esq.
Attorney NJ ID #: 008531995
LESTER SCHWAB KATZ & DWYER, LLP
500 Frank W. Burr Blvd., 5th Floor, Suite 31
Teaneck, New Jersey 07666
(973) 912-9501
Attorneys for Defendant
MACY'S RETAIL HOLDINGS, INC.
-------------------------------------------------------------x

| | |
|---|---|
| EDITH PIERRE and EDDY PIERRE, her husband,<br><br>                                        Plaintiffs,<br><br>                    vs.<br><br>MACY'S RETAIL HOLDINGS, INC., DIVERSIFIED, JOHN DOES A-Z MANAGEMENT COMPANY, (said names being fictitious as their identities are presently unknown), and JOHN DOES A-Z MAINTENANCE PERSONNEL, (said names being fictitious as their identity are presently unknown),<br><br>                                        Defendants. | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MONMOUTH COUNTY**<br><br>**Docket No.: MON-L-3386-19**<br><br>**PROOF OF MAILING** |

-------------------------------------------------------------x

    1.    I, Gerald J. Gunning, am a Partner to Lester Schwab Katz & Dwyer, LLP,

attorneys for defendant, MACY'S RETAIL HOLDINGS, INC.

    2.    I hereby certify that I **e-filed and** mailed a sealed envelope with postage

pre-paid, by regular mail, addressed to:

> Anthony V. Locascio, Esq.
> GOLD, ALBANESE, BARLETTI & LOCASCIO
> 211 Broad Street, Suite 207
> Red Bank, New Jersey  07701
> Attorneys for Plaintiffs

    3.    This envelope contained copies of our:

Answer to First Amended Complaint, Separate Defenses, Demand for Statement of Damages and Jury Demand, of which the original was forwarded to the Clerk of the Superior Court.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:      Teaneck, New Jersey
            November 27, 2019

_____
Gerald J. Gunning

# Civil Case Information Statement

## Case Details: MONMOUTH | Civil Part Docket# L-003386-19

**Case Caption:** PIERRE EDITH  VS MAY'S DEPARTMENT STO RES

**Case Initiation Date:** 09/23/2019

**Attorney Name:** GERALD JAMES GUNNING

**Firm Name:** LESTER SCHWAB KATZ & DWYER, LLP

**Address:** 500 FRANK W BURR BLVD 5TH FL TEANECK NJ 07666

**Phone:** 9739129501

**Name of Party:** DEFENDANT : MACY'S RETAIL HOLDINGS, INC.

**Name of Defendant's Primary Insurance Company** (if known): None

**Case Type:** PERSONAL INJURY

**Document Type:** Answer

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO          **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/27/2019                                                                          /s/ GERALD JAMES GUNNING
Dated                                                                                                 Signed